**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

YULE HOBSON,                                )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )            No.  4:26-CV-01118 JMB
                                            )
CHIEF JUDGE STEPHEN CLARK, et al.,          )
                                            )
            Defendants.                     )

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Yule Hobson's Application to Proceed in the District Court without Prepaying Fees or Costs. [ECF No. 2]. Also before the Court is Plaintiff's Motion for Appointment of Counsel. [ECF No. 3].

The Court has reviewed Plaintiff's Application to Proceed as a pauper and found that Plaintiff has failed to answer questions one through eight of the Application, which seeks information regarding his financial status. Without this information, the Court cannot determine Plaintiff's status as an in forma pauperis litigant. Therefore, the Court will deny Plaintiff's Application without prejudice at this time. If Plaintiff seeks to continue this lawsuit, he must file a completed Application to Proceed in the District Court without Prepaying Fees and Costs within 10 days of the date of this Order. Alternatively, Plaintiff may pay the full $405 filing fee.

Plaintiff has also filed a Motion for Appointment of Counsel in this matter. [ECF No. 3]. The Motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court

may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future Motions for Appointment of Counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in the District Court without Prepaying Fees and Costs [ECF No. 2] is **DENIED without prejudice at this time**.

**IT IS FURTHER ORDERED** that the Clerk shall mail Plaintiff a form Application to Proceed in District Court without Prepaying Fees or Costs.

**IT IS FURTHER ORDERED** that **within 10 days of the date of this Order**, Plaintiff shall either pay the $405 filing fee or file a completed Application to Proceed in District Court without Prepaying Fees or Costs.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [ECF No. 3] is **DENIED without prejudice at this time**.

-3-

**IT IS FURTHER ORDERED** that Plaintiff's failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice to plaintiff.

Dated this 17th day of July, 2026.

_____
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE